United States District Court
Southern District of Texas
**ENTERED**
June 07, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Kenosha Robertson Strain, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action H-18-4443 | |
| § | | |
| CitiMortgage, Inc., § | | |
|     Defendant. § | | |

## Memorandum and Recommendation

Defendant CitiMortgage, Inc. ("Citi'") has moved to dismiss this case under Rules 12(b)(1) and 12(b)(6). The court recommends that the motion be granted under Rule 12(b)(6).

### 1. Background and Pleadings

According to Kenosha Robertson Strain's complaint, on May 1, 2018, Strain, a self-described "squatter," moved into the property at 1403 Stone Bluff Drive, which was then unoccupied. She moved her personal belongings onto the property, requested that TXU Energy provide service to the house, and resided there for about three months. On August 8, 2018, Citi employees changed the locks and removed Strain's personal property from the house. Strain called the police, who came to the property and advised Strain to leave. She left.

As a "squatter," Strain claims a legal interest in the property through adverse possession. Strain filed this action in state court alleging that she was "unlawfully dispossessed" of the property. Citi removed the action to federal court on November 21, 2018. (D.E. 1.) Strain amended her complaint on February 25, 2019. (D.E. 24.)

Citi moves to dismiss this action under Federal Rule of Civil Procedure 12(b). (D.E. 27.) Citi argues Strain's action should be dismissed under Rule 12(b)(1) because this court lacks subject-

matter jurisdiction. (D.E. 27 at 1.) Alternatively, Citi moves to dismiss under Rule 12(b)(6). Citi construes Strain's complaint as alleging three causes of action and argues that each one warrants dismissal for failure to state a claim.

2. *Analysis*

    a. *Subject-matter jurisdiction*

Under Rule 12(b)(1), "a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). Subject matter jurisdiction based on diversity of citizenship requires that (1) complete diversity exists among the parties, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Generally, "[i]n determining whether the court has subject matter jurisdiction, [the court] must accept as true the allegations set forth in the complaint." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (citation omitted).

Citi removed Strain's state court petition to federal court based on diversity of citizenship. It now argues this court lacks subject-matter jurisdiction because Strain's complaint alleges an unlawful lockout claim, and a Texas statute grants exclusive jurisdiction over Strain's claim to Texas justice courts. This court finds that it has subject-matter jurisdiction over this case based on diversity.

The parties are diverse. Strain is a citizen of Texas because she is domiciled in Houston, Texas. *See, e.g., Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003) (discussing the general law of domicile). Citi is a citizen of New York because it is incorporated in New York and maintains its principal place of business in Missouri. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (discussing citizenship of corporation for diversity analysis).

The amount-in-controversy requirement is also met. Strain's complaint, at the time of removal, sought declaratory and injunctive

relief granting Strain the right to re-enter the property. "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). When a "right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961). The appraised value of the property, according to public records attached to Citi's notice of removal, is over $75,000. (D.E. 1-9 at 1.)

Citi argues that state law mandates venue in the state justice courts over certain types of cases, stripping the federal courts of diversity jurisdiction over this case. That is incorrect. *See Marshall v. Marshall*, 547 U.S. 293, 314 (2006) ("Jurisdiction is determined by the law of the court's creation and cannot be defeated by the extraterritorial operation of a state statute, even though it created the right of action.") (internal quotations omitted). Federal courts routinely exercise jurisdiction over cases implicating title to real property. *See, e.g., James v. Wells Fargo Bank, N.A.*, Civ. Action No. 11-2228, 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012); *Bell v. Bank of Am. Home Loan Servicing LP*, No. Civ. Action No. 11-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012). Citi cites no precedent, and this court has found none, supporting Citi's interpretation of the Texas Property Code.

### b. Failure to state a claim

Citi also moves to dismiss Strain's complaint under Rule 12(b)(6). The court recommends dismissal under 12(b)(6).

A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Under Rule 12(b)(6), a complaint that does not allege "enough facts to state a claim to relief that is plausible on its

face" should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The court liberally construes pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (a document filed pro se is "to be liberally construed"). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

Strain alleges that she "was and is a squatter and has legal right and documentation stating her rights to the real and all improvements on the [Stone Bluff] property." (D.E. 24 at 2.) She alleges she resided there. (D.E. 24 at 2.) In her response to Citi's motion to dismiss, she states that "since May 1, 2018, all utilities at [the property] are in my name and I have an affidavit of adverse possession." (D.E. 28.) She alleges that "CitiMortgage in order to avoid the standard eviction or release/waiver agreement between both parties [sic]." (D.E. 27 at 11.) She alleges that Citi locked her out and removed her property from the house. She claims $751,000 in damages, including $100,000 of emotional distress.

The court finds that Strain's complaint fails to state a claim for relief because four facts preclude any claim.

*First*, as Strain alleges, she resided in the house for just three months. She has no cognizable legal interest in the property. Gaining title to real property through adverse possession requires "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person," for at least three years. Tex. Civ. Prac. & Rem. Code Ann. §§ 16.021, 16.024.

Strain resided on the property for only three months, so she has not acquired title to the property through adverse possession.

4

This precludes Strain from alleging any cause of action requiring that the plaintiff have a legal interest in, or right to possession of, the property. Among those causes of action are suit to quiet title, action in trespass to try title, and trespass to real property. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) (listing elements of suit to quiet title and trespass to try title); *Fowler v. Lund*, Civ. Action No. 14-11-00115, 2012 WL 8017138, at *2 (Tex. App.—Hou. [14th Dist.] Feb. 16, 2012) (listing elements of trespass to real property).

Strain's allegation that she "is a squatter and has legal right and documentation ... on the property" is a legal conclusion, in support of which Strain presents three facts: she (1) has utilities registered in her name; (2) has lived in the house since May 2018; and (3) has an affidavit of adverse possession. Taken as true, none of these facts mean that Strain has a legal interest in the house. Strain presents no authority, and this court has found none, for the proposition that registering utilities or residing in a house, on its own, confers legal interest in property. Strain's affidavit of adverse possession is also legally inconsequential. Again, under Texas law, to establish an adverse possession claim, Strain must show that she appropriated the land for at least three years.

*Second*, Strain does not allege that she and Citi are in any contractual relationship. This precludes any cause of action based on breach of contract. While Strain alleges Citi "avoid[ed] the standard eviction or release/waiver agreement between both parties," she does not allege any of the elements of a breach of contract claim. *See, e.g., Buchanan v. U.S. Bank N.A.*, Civ. Action No. 13-3525, 2014 WL 3045107, at *5 (S.D. Tex. July 3, 2014) (dismissing breach of contract claim because complaint failed to allege what contract provisions were breached or that plaintiff complied with the contract).

*Third*, she does not allege that she and Citi are parties to a lease. Therefore, she fails to sufficiently allege any cause of action available to tenants against their landlords under the Texas Property

Code, such as unlawful lockout, wrongful eviction, or unlawful interruption of utility service, all of which require a landlord-tenant relationship between plaintiff and defendant. *See* Tex. Prop. Code §§ 92.002, 92.008, 92.0081 (codifying theses causes of action, which apply only to landlord-tenant relationships); *see also Warren*, 717 F. App'x at 478–9.

*Fourth*, Strain was legally removed from the Stone Bluff property in accordance with Texas law and a Texas court's order. Citi attached to its motion a writ of possession, signed July 2, 2018, authorizing law enforcement to evict the tenants of the residence "and all persons claiming under Tenant." (D.E. 27-4.) The court takes judicial notice of the writ of possession. *See Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

Strain alleges that Citi unlawfully removed her personal belongings from the Stone Bluff property. She seeks $100,000 in damages for lost "personal property/furniture." She does not, however, sufficiently allege conversion, or any similar cause of action, because Citi removed her property in accordance with a lawful order. *See Barron v. Bank of Am., N.A.*, Civ. Action No. 3:12-3784, 2013 WL 944434, at *4 (N.D. Tex. Feb. 12, 2013), *report and recommendation adopted*, Civ. Action No. 12-3784, 2013 WL 950737 (N.D. Tex. Mar. 12, 2013) (holding that conversion requires plaintiff show defendant "assumed and exercised dominion and control over the property *in an unlawful and unauthorized manner*, to the exclusion of and inconsistent with the plaintiff's rights"); *see also Estate of Ball v. Deutsche Bank Nat'l Trust Co.*, Civ. Action No. 13-3021, 2015 WL 1611777, at *3 (S.D. Tex. April 10, 2015) (explaining that an unlawful invasion of privacy must be "unreasonable, unjustified, or unwarranted.").

*3. Conclusion*

The court recommends dismissing Strain's complaint for failure to state a claim.

At a hearing, the court offered Strain the opportunity to amend to explicitly state the facts on which she relies as the basis for her action. Strain filed an amended complaint and a response to Citi's motion. Because Strain has already had the opportunity to amend, the court finds that further opportunities to amend would be futile. The court recommends that dismissal be with prejudice.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 7, 2019.

Peter Bray
United States Magistrate Judge